UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 21-2101-VBF (MAR)** | Date: | April 5, 2021 |
|---|---|---|---|
| Title: | *Darryl Lynn Davis v. Josie Gastello* | | |

Present: The Honorable   MARGO A. ROCCONI, UNITED STATES MAGISTRATE JUDGE

| ERICA VALENCIA | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Petitioner:          Attorney(s) Present for Respondent:

None Present                                None Present

**Proceedings:**   (In Chambers) ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE SUMMARILY DISMISSED AS UNTIMELY OR SECOND AND SUCCESSIVE

I.
**INTRODUCTION**

On February 18, 2021, Darryl Lynn Davis ("Petitioner"), proceeding pro se, constructively filed[1] a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254 in the Central District of California, challenging his 2004 conviction for two counts of attempted murder.  ECF Docket No. ("Dkt.") 1.  The Petition appears subject to dismissal because it is untimely, as well as second and successive.[2]  The Court will not make a final determination regarding whether the Petition should be dismissed, however, without giving Petitioner an opportunity to address these issues.

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed.  Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010).

[2] Petitioner lists Josie Gastello as the respondent.  Dkt. 1 at 1.  Danny Samuel replaced Josie Gastello as warden of the California Men's Colony in January 2021.  California Department of Corrections and Rehabilitation Facility Locator, California Men's Colony, https://www.cdcr.ca.gov/facility-locator/cmc/ (last visited April 1, 2021).  If Petitioner can address the other issues with the Petition, the Court will permit him to substitute the proper respondent.  See Dubrin v. People of the State of Calif., 720 F.3d 1095 (9th Cir. 2013) (courts should permit a pro se prisoner to amend the petition to name the custodian as the proper respondent).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 21-2101-VBF (MAR) | Date: | April 5, 2021 |
|---|---|---|---|
| Title: | *Darryl Lynn Davis v. Josie Gastello* | | |

## II.
## PROCEDURAL HISTORY

**A.   STATE COURT PROCEEDINGS**

On September 15, 2004, Petitioner was convicted of two counts of attempted murder in Los Angeles County Superior Court. People v. Davis, No. B178414, 2006 WL 475779, at * 3 (Cal. Ct. App. Mar. 1, 2006).[3] In addition, the jury found true an allegation that Petitioner personally and intentionally discharged a firearm, proximately causing great bodily injury. Id. Petitioner was sentenced to a term of forty-five years, eight months to life in state prison. Id.

On March 1, 2006, the California Court of Appeal affirmed the conviction.[4] Id. Petitioner then filed a petition for review with the California Supreme Court, and on June 14, 2006 the California Supreme Court denied the petition for review. California Courts, Appellate Courts Case Information, https://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=1874044&doc_no=S142366&request_token=NiIwLSEmTkw7WzBJSCJdVENIIEA0UDxfJyI%2BSzxSUCAgCg%3D%3D (last updated April 1, 2021 3:01 PM).

**B.   STATE HABEAS PROCEEDINGS**

On October 14, 2019, Petitioner filed a habeas petition in the Superior Court of California, Los Angeles County, (the "State Petition") alleging (1) the trial court lacked subject matter jurisdiction because there was no evidence that the crime was committed, (2) Petitioner received an unlawful sentence, (3) trial counsel's failure to investigate constituted ineffective assistance of counsel, and (4) the prosecutor committed misconduct through the use of deceptive and reprehensible methods. Dkt. 1 at 3-5. The Superior Court denied the State Petition on December 24, 2019. Id. Petitioner appealed the first three claims of the State Petition to the California Court of Appeal on January 17, 2020. Id. The California Court of Appeal denied the State Petition on

---

[3] The Court takes judicial notice of Petitioner's prior proceedings in this Court and in the state courts. See In re Korean Air Lines Co., 642 F.3d 685, 689 n.1 (9th Cir. 2011).

[4] The California Court of Appeals reversed the judgment with respect to an eight-month sentence imposed for Petitioner's conviction for possession of a firearm. People v. Davis, 2006 WL 475779, at * 11. The Court affirmed the judgment in all other respects. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 21-2101-VBF (MAR) | Date: | April 5, 2021 |
|---|---|---|---|
| Title: | *Darryl Lynn Davis v. Josie Gastello* | | |

January 22, 2020, and the California Supreme Court denied Petitioner's petition for review on March 11, 2020.  Id.

**C.    FEDERAL HABEAS PROCEEDINGS**

On June 14, 2007, twelve years prior to his filing of the State Petition, Petitioner filed a habeas petition in this Court, (the "2007 Petition") alleging (1) the trial court erred in admitting gang-related evidence, (2) the trial court erred by failing to give a limiting instruction on the gang-related evidence, (3) the trial court erred in permitting the prosecutor to cross-examine Petitioner on two uncharged murders, (4) the prosecutor committed misconduct during cross-examination of the Petitioner, and (5) ineffective assistance of counsel.  See Darryl Lynn Davis v. Tom Felker, Case No. CV 07-3861-VBF-SH; see also Davis v. Felker, 558 F. Supp. 2d 1008, 1011 (C.D. Cal. 2008). On April 1, 2008, this Court denied the 2007 Petition on the merits and dismissed the action with prejudice.  Davis v. Felker, 558 F. Supp. 2d at 1030.

On February 18, 2021 Petitioner constructively filed the instant Petition in this Court.  Dkt. 1.  The Petition appears to again challenge Petitioner's 2004 conviction, claiming (1) the trial court lacked subject matter jurisdiction because there was no evidence that the crime was committed, (2) Petitioner received an unlawful sentence, and (3) trial counsel's failure to investigate constituted ineffective assistance of counsel.  Dkt. 1 at 5-6.

**III.
DISCUSSION**

**A.    THE PETITION IS UNTIMELY AND IS SUBJECT TO DISMISSAL**

**1.    The Petition Was Filed After AEDPA's One-Year Limitations Period**

Petitioner filed the Petition after April 24, 1996, the effective date of AEDPA.  Dkt. 1. Therefore, the requirements for habeas relief set forth in AEDPA apply.  Soto v. Ryan, 760 F.3d 947, 956-57 (9th Cir. 2014).  AEDPA "sets a one-year limitations period in which a state prisoner must file a federal habeas corpus petition."  Thompson v. Lea, 681 F.3d 1093, 1093 (9th Cir. 2012). Ordinarily, the limitations period runs from the date on which the prisoner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1) ("Section 2244(d)(1)").  "When, on direct appeal, review is sought in the state's highest court but no petition for certiorari to the United States Supreme Court is filed, direct review is considered to be final when the certiorari petition would have been due, which is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 21-2101-VBF (MAR)** | Date: | April 5, 2021 |
|---|---|---|---|
| Title: | *Darryl Lynn Davis v. Josie Gastello* | | |

ninety days after the decision of the state's highest court." Porter v. Ollison, 620 F.3d 952, 958-59 (9th Cir. 2010) (citations omitted).

Here, Petitioner's conviction became final on September 12, 2006, i.e., ninety days after the California Supreme Court denied Petitioner's petition for review on June 14, 2006. See Dkt. 1; see also Porter, 620 F.3d at 958-59. AEDPA's one-year limitations period commenced the next day, September 13, 2006, and expired on September 13, 2007. 28 U.S.C. § 2244(d)(1). However, Petitioner filed the Petition on February 18, 2021. Dkt. 1 at 165. Therefore, in the absence of a later trigger date or any applicable tolling, the Court deems the Petition untimely by over thirteen years under Section 2244(d)(1). Thompson, 681 F.3d at 1093.

### 2. Petitioner Is Not Entitled to a Later Trigger Date

Pursuant to Section 2244(d)(1), there are three situations where a petitioner may be entitled to a later trigger date of the one-year limitation period beyond the date of his conviction becoming final. 28 U.S.C. § 2244(d)(1). First, under Subsection (B), if a state action prevented a petitioner from filing a federal habeas claim in violation of the Constitution or laws of the United States, the limitations period begins to run on "the date on which the impediment to filing an application created by State action . . . is removed[.]" 28 U.S.C. § 2244(d)(1)(B). Second, under Subsection (C), if a right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, the limitations period begins to run on the "date on which the constitutional right asserted was initially recognized by the Supreme Court[.]" 28 U.S.C. § 2244(d)(1)(C). Third, under Subsection (D), if a petitioner brings newly-discovered claims, the limitations period begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). However, "AEDPA's one-year statute of limitations in § 2244(d)(1) applies to each claim in a habeas application on an individual basis." Mardesich v. Cate, 668 F.3d 1164, 1171 (9th Cir. 2012). A different triggering date, therefore, may apply to each claim in a petition. Id.

"The statute of limitations begins to run under § 2244(d)(1)(D) when the factual predicate of a claim 'could have been discovered through the exercise of due diligence,' not when it actually was discovered." Ford v. Gonzalez, 683 F.3d 1230, 1235 (9th Cir. 2012) (emphasis added). "Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (citation omitted). In addition, "[t]he question is when petitioner had the essential facts underlying his claim, not when he obtained additional evidence supporting his claim." Coley v. Ducart, No. 2:16-1168-AC (P), 2017 WL 714304, at *4 (E.D. Cal. Feb. 23, 2017) (emphasis added).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 21-2101-VBF (MAR)** | Date: | April 5, 2021 |
|---|---|---|---|
| Title: | *Darryl Lynn Davis v. Josie Gastello* | | |

Here, Petitioner does not appear to be entitled to a trigger date beyond the date on which his conviction became final. See 28 U.S.C. § 2244(d)(1).

First, Petitioner does not show he is entitled to a later trigger date under Subsection (B) because he does not identify any state action that prevented him from filing a federal habeas claim in violation of the Constitution or laws of the United States. 28 U.S.C. § 2244(d)(1)(B).

Second, Petitioner does not show he is entitled to a later trigger date under Subsection (C) because he does not identify a newly recognized right made retroactively available to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C).

Finally, to the extent Petitioner may argue he is entitled to a later trigger date for newly-discovered claims under Subsection (D), Petitioner has not identified any evidence that could not have been discovered before his conviction became final. 28 U.S.C. § 2244(d)(1)(D); Ford, 683 F.3d at 1235. Though Davis attributes any delay to the fact that "it has taken [him] his due diligence in research to discover this Newly Discovered Evidence and Case Law," Davis does not explain why this evidence could not have been discovered through the exercise of due diligence before his conviction became final. See Dkt. 1 at 16;28 U.S.C. § 2244(d)(1)(D).

Hence, Petitioner has not shown he is entitled to a later trigger date for any of the grounds set forth in the Petition.

### 3. Statutory Tolling Does Not Render the Petition Timely

"A habeas petitioner is entitled to statutory tolling of AEDPA's one-year statute of limitations while a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" Nedds v. Calderon, 678 F.3d 777, 780 (9th Cir. 2012) (quoting 28 U.S.C. § 2244(d)(2) ("Section 2244(d)(2)")). However, habeas petitions pending in federal court, as opposed to state court, do not toll the statute of limitations. Duncan v. Walker, 533 U.S. 167, 181-82 (2001). Furthermore, "section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed." Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (citation omitted).

Here, AEDPA's one-year statute of limitations commenced on September 13, 2006 and ran for thirteen years before Petitioner filed his state habeas petition on October 14, 2019. See 28 U.S.C. § 2244(d)(1); Dkt. 1 at 3-4. Petitioner is not entitled to statutory tolling during the pendency of the 2007 Petition. Duncan, 533 U.S. at 181-82 (federal habeas petitions do not toll the statute of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 21-2101-VBF (MAR)** | Date: | April 5, 2021 |
|---|---|---|---|
| Title: | *Darryl Lynn Davis v. Josie Gastello* | | |

limitations). Nor is Petitioner entitled to statutory tolling during the pendency of his state habeas petitions because the AEDPA limitations period had already expired. Ferguson, 321 F.3d at 823 (Section 2244(d)(2) does not permit the reinitiation of the limitations period). Therefore, statutory tolling does not render the Petition timely.

### 4. Equitable Tolling Does Not Render The Petition Timely

In addition to the statutory tolling provided for by Section 2244(d)(2), the "AEDPA limitations period may be tolled" when it is "equitably required." Doe v. Busby, 661 F.3d 1001, 1011 (9th Cir. 2011). The "threshold necessary to trigger equitable tolling [under AEDPA] is very high." Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010) (alteration in original). A court may grant equitable tolling only where "'extraordinary circumstances' prevented an otherwise diligent petitioner from filing on time." Forbess v. Franke, 749 F.3d 837, 839 (9th Cir. 2014). The petitioner "bears a heavy burden to show that [he] is entitled to equitable tolling, 'lest the exceptions swallow the rule.'" Rudin v. Myles, 781 F.3d 1043, 1055 (9th Cir. 2015).

Here, Petitioner does not claim entitlement to equitable tolling and the Court has not found any basis to support such a claim. Thus, equitable tolling does not render the Petition timely. Bills, 628 F.3d at 1097.

### B.   THE PETITION IS SECOND AND SUCCESSIVE AND IS SUBJECT TO DISMISSAL

As a general rule, habeas petitioners may file only one habeas petition challenging their conviction or sentence. See 28 U.S.C. § 2244(b)(1). Hence, if a prior petition raised a claim that was adjudicated on the merits, a petitioner must "move in the appropriate court of appeals for an order authorizing the district court to consider the [second or successive petition]." Id. § 2244(b)(3)(A); McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009); Goodrum v. Busby, 824 F.3d 1188, 1194 (9th Cir. 2016) ("As a general principle, . . . a petition will not be deemed second or successive unless, at a minimum, an earlier-filed petition has been finally adjudicated."). Absent proper authorization from the court of appeals, district courts lack jurisdiction to consider second or successive petitions and must dismiss such petitions without prejudice to refiling if the petitioner obtains the necessary authorization. Burton v. Stewart, 549 U.S. 147, 152-53, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application." (citation omitted)); 28 U.S.C. § 2244(b)(2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 21-2101-VBF (MAR)** | Date: | April 5, 2021 |
|---|---|---|---|
| Title: | *Darryl Lynn Davis v. Josie Gastello* | | |

Here, the instant Petition challenges the same conviction that was challenged in the 2007 Petition, which was adjudicated on the merits. See Davis v. Felker, 558 F. Supp. 2d at 1016-30. The instant Petition is, therefore, second or successive to the 2007 Petition. As Petitioner has not presented any documentation indicating the Ninth Circuit has issued "an order authorizing the district court to consider the application," the Court lacks jurisdiction over the claims, and the instant Petition is subject to dismissal. 28 U.S.C. § 2244(b)(3)(A).

## IV.
## ORDER

Thus, the Court ORDERS Petitioner to respond **no later than May 5, 2021** by electing one of the following options:

1. File a written response either (1) explaining the Petition is not untimely nor second and successive, or (2) explaining the Petition is not untimely and showing that the Ninth Circuit has authorized review of this Petition. If Petitioner contends the Petition is not untimely or second and successive, Petitioner should clearly explain this and attach any supporting documents showing that his claim is not second and successive to his prior claim; or

2. Voluntarily dismiss this action without prejudice. Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court has attached A Notice of Dismissal form.** However, the Court warns any dismissed claims may be later subject to the statute of limitations, because "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1).

If Petitioner fails to demonstrate the Petition is not a second and successive petition, **or fails to respond by May 5 , 2021**, the Court will dismiss the Petition without prejudice as a second and successive petition and/or for failure to prosecute and obey court orders. See Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

|  | CASE NUMBER |
|---|---|
| Plaintiff(s), |  |
| v. | **NOTICE OF DISMISSAL PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 41(a) or (c)** |
| Defendant(s). |  |

PLEASE TAKE NOTICE: (*Check one*)

☐ This action is dismissed by the Plaintiff(s) in its entirety.

☐ The Counterclaim brought by Claimant(s) _____ is dismissed by Claimant(s) in its entirety.

☐ The Cross-Claim brought by Claimants(s) _____ is dismissed by the Claimant(s) in its entirety.

☐ The Third-party Claim brought by Claimant(s) _____ is dismissed by the Claimant(s) in its entirety.

☐ **ONLY** Defendant(s) _____
is/are dismissed from (*check one*) ☐ Complaint, ☐ Counterclaim, ☐ Cross-claim, ☐ Third-Party Claim brought by _____.

The dismissal is made pursuant to F.R.Civ.P. 41(a) or (c).

_____          _____
*Date*                                                  *Signature of Attorney/Party*

NOTE: **F.R.Civ.P. 41(a): This notice may be filed at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs.**

**F.R.Civ.P. 41(c): Counterclaims, cross-claims & third-party claims may be dismissed before service of a responsive pleading or prior to the beginning of trial.**