JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL LYNN DAVIS, | Case No. 2:21-2101-VBF (MAR) |
| Petitioner, | |
| v. | ORDER SUMMARILY DISMISSING ACTION WITHOUT PREJUDICE |
| JOSIE GASTELLO, | |
| Respondent. | |

On February 18, 2021, Darryl Lynn Davis ("Petitioner"), proceeding pro se, constructively filed[1] a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254 ("section 2254") in the Central District of California, challenging his 2004 conviction for two (2) counts of attempted murder. ECF Docket No. ("Dkt.") 1. The Court issued an Order to Show Cause why Petition should not be Summarily Dismissed as Untimely or Second and Successive ("OSC").

On May 4, 2021, Petitioner filed a Response to the Court's OSC. Dkt. 7. Petitioner's response to the OSC fails to cure the deficiencies identified by the Court.

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010).

1  Hence, for the reasons discussed below, the Court dismisses the Petition without
2  prejudice.

## I.

## **PROCEDURAL HISTORY**

**A.    STATE COURT PROCEEDINGS**

On September 15, 2004, Petitioner was convicted of two (2) counts of attempted murder in Los Angeles County Superior Court.  People v. Davis, No. B178414, 2006 WL 475779, at *3 (Cal. Ct. App. Mar. 1, 2006).[2]  In addition, the jury found true an allegation that Petitioner personally and intentionally discharged a firearm, proximately causing great bodily injury.  Id.  Petitioner was sentenced to a term of forty-five (45) years and eight (8) months to life in state prison.  Id.

On March 1, 2006, the California Court of Appeal affirmed the conviction.[3]  Id.  Petitioner then filed a petition for review with the California Supreme Court, and on June 14, 2006 the California Supreme Court denied the petition for review.  California Courts, Appellate Courts Case Information, https://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=1874044&doc_no=S142366&request_token=NiIwLSEmTkw7WzBJSCJdVENIIEA0UDxfJyI%2BSzxSUCAgCg%3D%3D (last updated April 1, 2021 3:01 PM).

On October 14, 2019, Petitioner filed a habeas petition in the Superior Court of California, Los Angeles County, ("State Petition") alleging:  (1) the trial court lacked subject matter jurisdiction because there was no evidence that the crime was committed; (2) Petitioner received an unlawful sentence; (3) trial counsel's failure to investigate constituted ineffective assistance of counsel; and (4) the prosecutor committed misconduct through the use of deceptive and reprehensible methods.

---

[2] The Court takes judicial notice of Petitioner's prior proceedings in this Court and in the state courts.  See In re Korean Air Lines Co., 642 F.3d 685, 689 n.1 (9th Cir. 2011).

[3] The California Court of Appeals reversed the judgment with respect to an eight-month sentence imposed for Petitioner's conviction for possession of a firearm.  People v. Davis, 2006 WL 475779, at * 11.  The Court affirmed the judgment in all other respects.  Id.

1  Dkt. 1 at 3-5.  The Superior Court denied the State Petition on December 24, 2019.
2  Id.  Petitioner appealed the first three (3) claims of the State Petition to the California
3  Court of Appeal on January 17, 2020.  Id.  The California Court of Appeal denied the
4  State Petition on January 22, 2020, and the California Supreme Court denied
5  Petitioner's petition for review on March 11, 2020.  Id.

6  **B.      FEDERAL HABEAS PROCEEDINGS**

7          On June 14, 2007, twelve (12) years prior to his filing of the State Petition,
8  Petitioner filed a habeas petition in this Court, ("2007 Petition") alleging:  (1) the trial
9  court erred in admitting gang-related evidence; (2) the trial court erred by failing to
10 give a limiting instruction on the gang-related evidence; (3) the trial court erred in
11 permitting the prosecutor to cross-examine Petitioner on two uncharged murders; (4)
12 the prosecutor committed misconduct during cross-examination of the Petitioner;
13 and (5) ineffective assistance of counsel.  See Darryl Lynn Davis v. Tom Felker, Case
14 No. CV 07-3861-VBF-SH; see also Davis v. Felker, 558 F. Supp. 2d 1008, 1011 (C.D.
15 Cal. 2008).  On April 1, 2008, this Court denied the 2007 Petition on the merits and
16 dismissed the action with prejudice.  Davis v. Felker, 558 F. Supp. 2d at 1030.

17         On February 18, 2021 Petitioner constructively filed the instant Petition in this
18 Court.  Dkt. 1.  The Petition appears to again challenge Petitioner's 2004 conviction,
19 claiming:  (1) the trial court lacked subject matter jurisdiction because there was no
20 evidence that the crime was committed; (2) Petitioner received an unlawful sentence;
21 and (3) trial counsel's failure to investigate constituted ineffective assistance of
22 counsel.  Dkt. 1 at 5–6.

23         In the April 5, 2021 OSC, the Court ordered Petitioner to respond and explain
24 why "the Petition is not untimely or second and successive" or voluntarily dismiss the
25 Petition.  Dkt. 5.

26         On May 7, 2021, Petitioner filed a response to the OSC.  Dkt. 7.  In his
27 response, Petitioner appears to claim his Petition should not be dismissed because it
28 falls within the "actual innocence" exception.  Id. at 2–3.

## II.

## DISCUSSION

**A.     APPLICABLE LAW**

As a general rule, habeas petitioners may file only one (1) habeas petition challenging their conviction or sentence.  See 28 U.S.C. § 2244(b)(1).  Hence, if a prior petition raised a claim that was adjudicated on the merits, a petitioner must "move in the appropriate court of appeals for an order authorizing the district court to consider the [second or successive petition]."  Id. § 2244(b)(3)(A); McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009); Goodrum v. Busby, 824 F.3d 1188, 1194 (9th Cir. 2016) ("As a general principle, . . . a petition will not be deemed second or successive unless, at a minimum, an earlier-filed petition has been finally adjudicated.").  Absent proper authorization from the court of appeals, district courts lack jurisdiction to consider second or successive petitions and must dismiss such petitions without prejudice to refiling if the petitioner obtains the necessary authorization.  Burton v. Stewart, 549 U.S. 147, 152–53 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application." (citation omitted)); 28 U.S.C. § 2244(b)(2).

**B.     ANALYSIS**

Here, the instant Petition challenges the same conviction that was challenged in the 2007 Petition, which was adjudicated on the merits.  See Davis v. Felker, 558 F. Supp. 2d at 1016–30.  The instant Petition is, therefore, second or successive to the 2007 Petition.  As Petitioner has not presented any documentation indicating the Ninth Circuit has issued "an order authorizing the district court to consider the application," the Court lacks jurisdiction over the claims, and the instant Petition is subject to dismissal.  28 U.S.C. § 2244(b)(3)(A).  Nor does Petitioner's actual innocence claim exempt him from the statutory obligation to obtain Ninth Circuit

authorization to file a second or successive petition.[4]  See, e.g., Morris v. Hill, No. CV 12-6953-AHM (E), 2012 WL 6675547 (C.D. Cal. Aug. 16, 2012), report and recommendation adopted sub nom. Morris v. Sanders, No. CV 12-6953-AHM (E), 2012 WL 6675446 (C.D. Cal. Dec. 20, 2012), aff'd sub nom. Morris v. Hill, 596 F. App'x 590 (9th Cir. 2015).

## III.
## CONCLUSION

**IT IS THEREFORE ORDERED** Judgment be entered dismissing this action without prejudice.

September 15, 2021

/s/ Valerie Baker Fairbank

HON. VALERIE BAKER FAIRBANK
United States District Judge

Presented by:

MARGO A. ROCCONI
United States Magistrate Judge

---

[4] Petitioner also appears to argue his actual innocence claim exempts him from the AEDPA's statute of limitations. Dkt. 7 at 2–3. Because the Court is dismissing the petition as second or successive, the Court does not address this argument here.

5